Filed 5/22/25  B.O. v. V.C. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COUT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| B.O.,<br><br>        Respondent,<br><br>    v.<br><br>V.C.,<br><br>        Appellant. | D082964<br><br><br><br>(Super. Ct. No. 22FL013975E) |

APPEAL from an order of the Superior Court of San Diego County, Sharon L. Kalemkiarian, Judge.  Affirmed.

V.C., in pro. per., for Appellant.

B.O., in pro. per., for Respondent.


The present appeal in a family law matter presents an all-too-common situation.  Although they each had counsel at the superior court hearing that is the subject of this appeal, both parties are now self-represented. We are provided with a limited record of the trial court proceedings that is inadequate to accomplish what the parties—or at least some of them—expect us to do.  A fundamental misunderstanding of our role as an appellate court and the scope of our authority suggests there will be disappointment,

not merely with the result but also with the process.  Notwithstanding that, we are compelled to affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties—B.O. (Father) and V.C. (Mother)— were in a relationship and had two children, but never married.  Mother's older son from a prior relationship was also part of the family.  Since separating, they have been involved in extensive highly contested litigation in family court.

Mother appeals the denial of her request for a domestic violence restraining order (DVRO) arising from an incident that took place in October 2021.[1]  She originally sought a restraining order shortly after the incident, and a temporary restraining order was issued.  But a few weeks later Mother dismissed her petition and the parties resumed their relationship.  Father later sought a DVRO arising out of a separate incident.  Following a hearing on August 10, 2023, Judge Sharon Kalemkiarian granted a two-year restraining order against Mother.

---

[1]     What specific rulings Mother seeks to challenge is difficult to discern. A findings and order after hearing (FOAH) filed on October 31, 2023 reflects that at a hearing on September 8, Judge Kalemkiarian made certain orders on custody and visitation, although the FOAH is not part of the clerk's transcript.  It also indicates that additional requests by Mother would be heard in conjunction with the trial on her request for a DVRO, set for October 19 and 20.  Mother's notice of appeal was filed on November 6, between the conclusion of the trial and the filing of the court's statement of decision, which did not occur until December 18.  Although the focus of that decision is Mother's DVRO request, it includes one paragraph of relatively minor orders on custody and visitation issues.  In an abundance of caution, for jurisdictional purposes we construe the notice of appeal as a premature but effective challenge to all of the court's rulings included in the statement of decision.  (See Cal. Rules of Court, rule 8.104(d).)

Two weeks later—and nearly two years after the precipitating events—Mother refiled her request for a DVRO based on the same October 2021 incident. She claimed that, despite the passage of time, she remained in fear for her safety as a result of the incident.

A two-day evidentiary hearing was held on Mother's DVRO request on October 19 and October 20, 2023. During the hearing, in which both parties were represented by counsel, Judge Kalemkiarian received extensive testimony from the parties as well as from Mother's oldest son. Her detailed statement of decision made two specific findings. First, she found Mother failed to meet her burden of establishing that Father committed and act of domestic abuse within the meaning of Family Code section 6203. In the judge's view, the physical altercation that Mother characterized as "grabbing" and "strangulation" was really Father's attempt to defend himself from Mother's primary aggression. Second, Judge Kalemkiarian rejected Mother's assertion that she remained in fear of Father nearly two years after the October 2021 incident. As a result, the court denied with prejudice Mother's request for a restraining order.

## DISCUSSION

It is often said that family law departments of the superior court see many of the best people in society at their worst. This is because parties in family law proceedings are often living through some of the most challenging moments of their lives. And nonlawyers who choose to represent themselves on appeal in such a proceeding face a doubly daunting proposition. They confront the stress of their life's circumstance compounded by the attempt to practice appellate law without training or experience.

## A.    *The Briefs and Appellate Record*

In this case, Mother appeals because she believes she was wrongly denied a DVRO.  Although it is not clear, she may also take issue with certain custody and visitation orders, many of which are not included in the record and were made after her notice of appeal was filed. Her notice designating the appellate record reflects a level of frustration with the fact that, according to her, only one day of the two-day hearing (October 19) had been transcribed by a court reporter.[2]  She was defaulted for failure to properly designate the record, had her appeal reinstated, and ultimately filed three different designations over a span of four months that contain sometimes conflicting information and reflect certain misunderstandings about the appellate process.[3]

Mother's request for a settled statement summarizes the appellate arguments she planned to make.  She contends there was no substantial evidence to support the court's order denying her request for a DVRO because

---

[2]    The Judicial Council form designating the record includes handwritten notes, "No Court Reporter on Second Day 10/20/23 Never Advised Abot [*sic*] it Legal Rights Violated" and "One Day with court reporter one day No Court Reporter unaware of actons [*sic*]!"

[3]    On her first designation, she listed the October 19, 2023 transcript as an exhibit to be included in the clerk's transcript and also asked that it be made part of the settled statement.  She emphasized she would "[n]eed all words stating self defense removed wrongful untruthful flip the script change clarified and fixed."  In the second designation she asked that the October 19 proceedings be included in the settled statement.  She also asked that her copy of the reporter's transcript be provided in electronic format.  Finally, in the third designation, Mother requested a settled statement because "[t]he oral proceedings in the superior court were not reported by a court reporter." She again asked that the October 19 transcript be included in the settled statement, but this time requested that she receive a paper copy.

"Hear Say, lies, Months of preparation to Create A false Narrative to present to the Court Wrongful identity of Perpatration [*sic*] Creating False Outcome."

Apart from emphasizing her belief that the trial court reached the wrong conclusions, Mother's opening brief does little to clarify the nature of her legal arguments. It includes a statement of facts that merely lists what appear to be trial exhibits, with no description of their contents or explanation why they are important. A catch-all category at the end of the list adds, "Anything else that would be relevant and pertinent to the case." There is no factual narrative—no "story"—with accompanying citations to the appellate record. (See Cal. Rules of Court, rule 8.204(a)(1)(C) and (a)(2)(C).)

Mother accuses the trial judge of "not looking into all of the details and supporting evidence to put the entire story together." In her view, "the judge's overall decision was unfair and unjust because the information provided was heavily one-sided and the judge refused to allow [Mother] for provide her side of everything that happened." She appears to expect that this court will do what she thinks the trial court failed to do—"to carefully review the substantial evidence in this matter to ensure a fair and just resolution." As for legal errors, Mother seems to fault the court for the lack of a court reporter, noting "[t]here was no transcriptionist assigned" and complaining that while Mother was allowed the opportunity to arrange for a reporter, the court "made it an impossible task, requiring it to be done by noon after only finding out the same morning as the trial."

## B.   *Analysis*

Perhaps the most fundamental principle of appellate review is that the decision of the trial court is presumed to be correct, and the burden is on the appellant to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) This burden includes several components. Appellants

5

must provide the reviewing court with a record of the trial court proceedings that contains all the relevant evidence on the issues involved in the appeal, not just the evidence favoring their position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) Likewise, they must submit a brief summarizing the relevant facts with citations to the record and pertinent legal authority demonstrating the claimed error. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *William Jefferson & Co., Inc. v. Orange County Assessment Appeals Bd. No. 2* (2014) 228 Cal.App.4th 1, 6, fn. 2; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.) We disregard any facts mentioned in the briefs that are not part of the record.[4] (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.) These requirements apply equally to attorneys and to parties representing themselves. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

Mother's briefing suggests she may believe we have access to a complete record of the superior court proceedings that we can independently review to determine if those proceedings were fair and whether we agree with the trial judge's conclusions. But we have neither the obligation nor the ability to search the record on our own looking for error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 (*Yield Dynamics*)

---

[4] Father requested transmittal of the trial exhibits, and we received them directly from the superior court. Accordingly, we grant his request to strike Mother's notice of lodgment directed to the same exhibits. To the extent Mother sought to include any additional exhibits that were not presented to the superior court, we are not permitted to consider them. (See, e.g., *Golfland Entertainment Centers, Inc. v. Superior Court* (2003) 108 Cal.App.4th 739, 751, fn. 7.) And although we deny Father's motion to strike Mother's reply brief, we consider only matters properly included in the record on appeal.

["[A]n appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim."].)

Although Mother complains about the lack of a reporter's transcript, it is unclear the extent to which she claims this was a legal error by the trial court. In any event, the court's minute order reflects that for some reason Mother and her counsel "did not believe she had the right to get a reporter" for the second day of the hearing. The court found this to be an insufficient reason to grant a continuance in the middle of trial, noting that it was the responsibility of the parties and their counsel to obtain a court reporter. Mother offers no explanation for her stated belief, why her counsel failed to obtain a reporter or why the court abused its discretion in denying a continuance. Nor does she suggest anything that a reporter's transcript would have shown that is not reflected in the settled statement.

As for Mother's assertion that the trial court's denial of her request for a DVRO was not supported by substantial evidence, the lack of a reporter's transcript (or an adequate substitute) generally precludes a challenge to the sufficiency of the evidence because we presume the evidence at trial supported court's conclusion. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.) Here, although there is no reporter's transcript, the appellate record does include a settled statement that summarizes some of the witness testimony as well as references to certain testimony in the trial court's statement of decision. But these are of little assistance to Mother for at least two reasons. One, Mother never points to these portions of the record to buttress her vague and generic assertions that the trial court's factual findings are not supported. (*Yield Dynamics, supra*, 154 Cal.App.4th at p. 557 [appellant must "marshal *all* of the record evidence relevant to the

7

point in question and affirmatively demonstrate its insufficiency to sustain the challenged finding"].) Second, our review of the statement of decision and the settled statement indicates that the court's findings *were* supported by the evidence presented at trial. The question is not whether the evidence might have supported a different finding, or even whether we might have reached a different conclusion, but whether no reasonable judge could have denied Mother's request. (*McCord v. Smith* (2020) 51 Cal.App.5th 358, 364.) Credibility determinations are for the trial court. (*Ibid.*)

Here, the trial court's statement of decision recounts in detail the testimony that led it to conclude the physical interaction Mother claimed was abuse was in fact the result of Father's reasonable attempts to defend himself from Mother's aggression. The court made specific findings that several aspects of Mother's testimony lacked credibility. In particular, it "did <u>not</u> find credible, based upon her demeanor, and testimony, that [Mother was] still in fear" as a result of the October 2021 incident. Mother is asking us to reweigh the evidence to reach a different conclusion, which is something we cannot do.[5] (*K.T. v. E.S.* (2025) 109 Cal.App.5th 1114, 1125.)

---

[5] In a similar vein, the court's custody and visitation orders are presumptively correct. Because Mother does not attempt to identify any specific flaw in those orders, we have no basis to review them.

## DISPOSITION

The order is affirmed.  Father is entitled to costs on appeal.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

9